UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

| | |
|---|---|
| ROBBY TRAVIS,<br><br>    Petitioner,<br><br>V.<br><br>FRANCISCO QUINTANA, Warden,<br><br>    Respondent. | Civil Action No. 5: 17-61-KKC<br><br>**MEMORANDUM OPINION<br>AND ORDER** |

\*\*\*  \*\*\*  \*\*\*  \*\*\*

Federal inmate Robby Travis has filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. [R. 1] The Court conducts an initial review of habeas corpus petitions. 28 U.S.C. § 2243; *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). For the reasons set forth below, Travis's petition must be denied.

In February 2010, a grand jury in Memphis, Tennessee returned an indictment charging Travis with numerous drug trafficking and firearms offenses. Travis later entered a plea of guilty to possession with intent to distribute crack cocaine in violation of 21 U.S.C. § 841 and to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). Travis did not object to the conclusion in the presentence report that he had previously committed at least two prior controlled substance offenses, and therefore qualified as a career offender under U.S.S.G. § 4B1.1(a). In light of Travis' acceptance of responsibility, in March 2011 the trial court imposed a sentence of 108 months imprisonment, well below the applicable guideline range of 188 to 235 months. *United States v. Travis*, No. 2:10-CR-20096-SHM-1 (W. D. Tenn. 2010).

In his § 2241 petition before this Court, Travis alleges that the two prior offenses upon which his federal sentence was enhanced were for possession with intent to distribute cocaine

and marijuana in violation of T.C.A. § 39-17-417. He further implies that the trial court utilized the modified categorical approach to review extrinsic materials to determine the nature of his offenses, something he contends was improper because the statute of conviction is indivisible under *Mathis v. United States*, __ U.S. __, 136 S. Ct. 2243 (2016). Finally, he asserts that T.C.A. § 39-17-417 criminalizes a broader range of conduct than the "controlled substance offenses" described in U.S.S.G. § 4B1.2(b), and hence a conviction under that statute cannot qualify as a valid predicate for an enhanced sentence. [R. 1-2 at 2-3, R. 1-3 at 3]

Having thoroughly reviewed Travis's petition, the Court concludes that it must be denied because Travis may not assert his *Mathis* claim in this § 2241 proceeding, and because it would be substantively without merit if he could.

A federal prisoner may challenge the legality of his conviction or sentence in a § 2255 motion, but may not do so in a § 2241 petition. *United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001) (explaining the distinction between a § 2255 motion and a § 2241 petition). Having failed to obtain relief from his conviction and sentence under § 2255, a prisoner may not simply invoke § 2241 as an additional or alternative remedy to the one provided by § 2255. *Hernandez v. Lamanna*, 16 F. App'x 317, 360 (6th Cir. 2001).

The savings clause found in 28 U.S.C. § 2255(e) carves out an exception to this general rule, but it does not apply here. Travis does not challenge his conviction, but his sentence. The narrow range of claims cognizable in a § 2241 proceeding applies with particular force to sentencing challenges. *Peterman*, 249 F.3d at 462; *Hayes v. Holland*, 473 F. App'x 501, 502 (6th Cir. 2012) ("The savings clause of section 2255(e) does not apply to sentencing claims."). In *Hill v. Masters*, 836 F. 3d 591 (6th Cir. 2016), the Sixth Circuit articulated a very narrow exception to the general rule that 28 U.S.C. § 2255, not § 2241, must be used to challenge a conviction or sentence. Under *Hill*, a challenge to a sentence is permissible in a § 2241 petition

only where (1) the petitioner's sentence was imposed when the Sentencing Guidelines were mandatory before the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005); (2) the petitioner was foreclosed from asserting the claim in a successive petition under § 2255; and (3) after the petitioner's sentence became final, the Supreme Court issued a retroactively applicable decision establishing that - as a matter of statutory interpretation - a prior conviction used to enhance his federal sentence no longer qualified as a valid predicate offense. *Hill*, 836 F. 3d at 599-600.

Travis' claim fails to satisfy at least the first and third requirements. Travis was sentenced in 2011, six years after *Booker* was decided, under an advisory guidelines regime. And the Supreme Court in *Mathis* merely reiterated what it had held long ago: that a statute is considered "divisible," therefore permitting use of the modified categorical approach to determine whether a prior offense may be used to enhance a sentence under the career offender provision, only when it contains alternative elements (hence defining multiple offenses), not when it merely contains alternative factual means of committing a single offense. *Mathis*, 136 S. Ct. at 2249, 2251-52 (citing *Taylor v. United States*, 495 U.S. 575 (1990)). But for a claim based upon a recently-issued Supreme Court decision interpreting a statute to be cognizable in a § 2241 petition, the holding must be retroactively applicable to cases on collateral review. *Wooten v. Cauley*, 677 F.3d 303, 307-08 (6th Cir. 2012). The Supreme Court in *Mathis* itself made abundantly clear that its holding was required by decades-old precedent and hence did not announce any new rule, *Mathis*, 136 S. Ct. at 2257, and the Sixth Circuit has joined other circuits in expressly so holding. *In re: Conzelmann*, 872 F. 3d 375, 376-77 (6th Cir. 2017). See also *King v. Terris*, No. 2: 17-CV-10611, 2017 WL 3263446, at *2-4 (E.D. Mich. July 31, 2017). Therefore Travis' *Mathis* claim is not cognizable in a § 2241 petition, and his petition must be denied.

3

Even if Travis could assert his claim under *Mathis* in this § 2241 proceeding, it is substantively without merit. T.C.A. § 39-17-417(a)(1)-(4) criminalizes the manufacture, delivery, or sale of a controlled substance, or possession with intent to do one of those things. The language of the Tennessee statute closely tracks the definition of a "controlled substance offense" under § 4B1.2(b) as one that "prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance..." Accordingly, the Sixth Circuit has long held, even before *Mathis* was decided, that "a violation of § 39–17–417 [is] a categorical controlled substance offense ..." warranting application of the career offender enhancement. *United States v. Douglas*, 563 F. App'x 371, 377 (6th Cir. 2014); see also *Bostic v. United States*, No. 1: 09-CR-162, 2014 WL 4978423, at *7-8 (E.D. Tenn. Oct. 6, 2014). Many courts, including this one, have thus concluded that *Mathis* does not undermine the use of a conviction under T.C.A. § 39-17-417 as a predicate offense for a § 4B1.1 enhancement. Cf. *Pittman v. Quintana*, No. 16-CV-424-JMH, 2016 WL 6900788, at *3 (E.D. Ky. Dec. 30, 2016), *aff'd*, No. 16-6857 (6th Cir. Sept. 18, 2017).

Accordingly, **IT IS ORDERED** that:

1. The petition filed pursuant to 28 U.S.C. § 2241 by Robby Travis [R. 1] is **DENIED** with respect to all issues raised in this proceeding.

2. The Court will enter an appropriate Judgment.

3. This matter is **DISMISSED** and **STRICKEN** from the active docket.

Dated November 20, 2017.



KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY